UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO.: 6:09-CV-249-KKC

DEXTER DEE HICKS                                                                                    PLAINTIFF

v.                                         **OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                             DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Dexter Dee Hicks ("Hicks") and Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").  Rec. No. 12, 13.  For the reasons set forth below, the Court will deny Hicks motion and grant summary judgment in favor of the Commissioner.

**I.    FACTS AND PROCEDURAL HISTORY**

Hicks initially filed an application for a period of disability and disability insurance benefits alleging a disability onset date of November 25, 2004.  AR 83-87.  The application was denied initially and on reconsideration.  AR 63-70.  Hicks then requested a hearing before an Administrative Law Judge ("ALJ"), the request was granted and Hicks appeared and testified at a hearing held on October 2, 2007.  AR 9.

On December 11, 2007, the ALJ issued an unfavorable decision finding that Hicks was not disabled.  AR 6-18.  Hicks filed an appeal with the Appeals Council which declined the request for review.  AR 1-3.  Consequently, the ALJ's decision became the final decision of the Commissioner.  Because Hicks has exhausted all of his administrative remedies, this matter is now ripe for judicial review under 42 U.S.C. §§ 405(g), 1393(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

### B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one

year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimants impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimants RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and

work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At step one of the evaluation process, the ALJ found that Hicks has not engaged in substantial gainful activity since November 25, 2004, the alleged onset date. AR 11. At step two, the ALJ found Hicks to have the following severe impairments: rotator cuff tendinitis (chronic) and arthritis in the right shoulder. AR 11. However, based on his review of the evidence in the record, the ALJ determined at step three that Hicks does not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that Hicks has the RFC to perform light work except for:

> work requiring climbing of ladders, ropes or scaffolds or more than occasional kneeling and crouching. The claimant must avoid exposure to concentrated exposure to unprotected heights or hazardous machinery. The claimant can perform no more than frequent pushing/pulling or gross manipulations with the right dominant upper extremity. The claimant can perform no overhead motions or more than frequent reaching in other directions with the right dominant upper extremity.

AR 13-14. Because Hicks' past relevant work as a carpenter/drywall hanger was performed at the medium and heavy exertional level, the ALJ determined at step four that he is unable to perform past relevant work. AR 16. Based on Hicks' age at the alleged onset date (45), his education (limited), work experience and RFC, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that he can perform. AR 16-17.

**D. Argument**

Prior to reaching Hicks' arguments on appeal, the Court will address the manner by which these arguments have been presented. As the Commissioner has pointed out, Hicks motion for summary judgment provides lengthy explications of the standards used for properly evaluating the opinions of treating physicians, lay testimony, a claimant's credibility and VE testimony. While Hicks' motion adequately sets forth the applicable standards, it makes no attempt to explain to the Court how these standards were incorrectly applied in this case. Hicks' motion merely provides this Court with conclusory statements that the ALJ's findings are incorrect and claims that as a result he is entitled to disability benefits.

The Court agrees with the Commissioner that the perfunctory manner by which these arguments have been presented would justify a decision to deem them waived. *See Indeck Energy Servs. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000)(explaining that issues adverted to an appeal in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived); *Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. App'x 464, 466 (6th Cir. 2003)(unpublished)(finding that a claimant had waived that an argument was waived on appeal because the claimant did not attempt to explain how her surgeries met or medically equaled a listed impairment); *Rice v. Comm'r of Soc. Sec.*, 169 Fed. App'x 452, 454 (6th Cir. 2006)(unpublished). The Court is inclined to dismiss Hicks claims based on the manner in which they have been presented and the absence of any attempt to explain his arguments. However, the Court will nevertheless consider the merits of his appeal.

**1. Treating Physician Opinions**

Hicks initially argues that he is entitled to disability benefits because the overwhelming weight of treating and examining physician opinions prove that he is totally disabled. Hicks sets forth the correct governing framework dealing with the opinions of treating physicians. In general, an ALJ should give more weight to the opinions of treating physicians than other sources because

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)(citing 20 C.F.R. § 404.1527(d)(2)). However, the Court fails to find any evidence in the record of a treating physician opining that Hicks is disabled and completely unable to work.

In his opinion, the ALJ noted that no treating physician has limited Hicks work related activities due to his shoulder or back conditions. AR 16. In fact, the only opinions from treating sources come from an emergency room visit in December of 2004 for chest pain and treatment notes from Dr. Pratt who apparently has seen Hicks on a regular basis. AR 162-73, 184-89, 262-75. Dealing first with the emergency room records, they show a normal EKG and that Hicks was suffering from shoulder pain. These records provide no support for Hicks' claim of total disability.

Dr. Pratt's records show Hicks had suffered a fractured clavicle many years earlier. In addition an x-ray shows chronic appearing findings of the AC joint. AR 189, 275. Dr. Pratt diagnosed this as a rotator cuff injury. On September 6, 2005, Dr. Pratt had an MRI of Hicks'

6

right shoulder performed. AR 178. The conclusion of this examination was "signal changes in suprapinatus tendon what appears to be due to tendinitis...also slight irregular signal intensities are noted in biceps tendon in bicipital groove region and this could be tendinitis also" however Dr. Pratt noted that otherwise the MRI was not remarkable. AR 178. There is no evidence in the record that Dr. Pratt ever instructed Hicks that he was unable to work or that his problems with his shoulder limited him in any significant way. In addition, Dr. Pratt has not submitted an RFC or recommended agressive treatment measures for Hicks' ailments. However, on March 1, 2007 he did recommend that Hicks lose weight because of his obesity. AR 263. Based on this evidence, there is simply no indication that the ALJ improperly failed to give the appropriate level of deference to a treating physician opinion.

There is also substantial evidence in the record justifying the ALJ's determination that Hicks is not disabled and retains the ability to perform light work. The record contains a letter from Dr. Patrice Beliveau describing the treatment that Hicks received from him. AR 191. Dr. Beliveau indicated that based on his evaluation:

> surgical treatment would not improve his condition significantly and except for an occasional corticosteroid infiltration and anti-inflammatory medications on a long term basis, nothing orthopedically needed to be done at this present time. He would have restrictions on overhead lifting and heavy lifting. The patient is a self employed carpenter and with assistive devices to limit the amount of work that he does overhead this would tend to be a self limiting problem. *He should be able to continue working with some minor limitations on work activities as stated above.*

AR 191 (emphasis added). It is significant that this opinion is consistent with the ALJ's RFC which limits Hicks to light work and no overhead reaching with his right upper extremity among other limitations. AR 13-14.

Hicks appears to rely on the physical examination by Dr. Hoskins on July 21, 2006 in

7

support of his claim of disability. Dr. Hoskins assessed post traumatic arthritis, syncope, back pain and decreased ability to flex the back. AR 194. As a result, he opined that:

> musculoskeletal limitations were identified that will impair carrying, lifting or some bending, squatting, crawling, climbing or balancing. Reaching, carrying and handling with the right arm and hand will be severely affected by poor shoulder motion, shoulder pain and 4/5 grip weakness in the right hand.

*Id.* Because this opinion came from a one time examining physician, it is not entitled to the level of deference accorded to a treating physician opinion. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). The record is clear that the ALJ considered Dr. Hoskins' opinion but rejected the limitations that it imposed because the overall medical evidence, including the opinions of other examining physicians did not support his findings. AR 16. Based on the medical evidence from Dr. Pratt and Dr. Beliveau discussed above, the Court finds that this finding is supported by substantial evidence.

The record also contains claims from Hicks that he suffers from anxiety and includes a description of blackouts that he allegedly suffers from which are induced by laughing. However, Hicks has not been referred to any formal mental health evaluation. He has also not sought treatment out on his own and advised Dr. Eggerman that he did not believe that he required mental health intervention. Dr. Eggerman's opinion which was given considerable weight by the ALJ supports the ALJ's determination that any mental health ailments that Hicks suffers from are insufficient to qualify him for disability benefits. AR 199-207. Dr. Eggerman indicated that:

> based on current findings, the claimants ability to understand and remember short and simple instructions and to carry out short and simple instructions is not limited. His ability to understand and remember detailed instructions and carry out detailed instructions is mildly limited. The claimant's ability to make judgments on simple work-related decisions is minimally limited.

8

AR 204. Dr. Eggerman concluded that from a psychiatric perspective, Hicks' prognosis was fair although it was important for him to abstain from the use of marijuana. *Id.*

**2. The ALJ's evaluation of Hicks' subjective complaints of pain and the credibility determination.**

Hicks second argument is that the ALJ committed reversible error in failing to apply the Sixth Circuit's standard for evaluating Hicks' complaints of pain. Under the Sixth Circuit's governing framework, the first question is whether there is objective medical evidence of an underlying medical condition. *Felisky v. Bowen*, 35 F.3d 1027, 1038 (6th Cir. 1994)(quoting *Duncan v. Sec'y of H.H.S.*, 801 F.2d 847, 853 (6th Cir. 1986)). Once this requirement is met then:

> we examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* at 1038-39.

In this case, while the ALJ found that Hicks' medically determinable impairments could reasonably be expected to produce the alleged symptoms, he found Hicks' statements about the intensity, persistence and limiting effects of the symptoms were not entirely credible. AR 15. The record supports this finding and the ALJ set forth several factors supporting his determination. First, he noted that the record does not support a finding of total disability based on any mental or physical disorder. This determination appears to be well supported by the record. In addition, the ALJ also noted the conservative treatment that Hicks has received for his complaints of right shoulder and lower back pains. He has been treated with medication and has had no referrals for surgery or other aggressive measures. Despite the MRI evidence showing

9

chronic changes affecting the right shoulder, the ALJ correctly noted that the Hicks was able to continue working with this injury for several years despite the fact that he now claims that it causes him completely disabling pain.[1]

Hicks' treating orthopedist, Dr. Beliveau also indicated that his injuries would have a limited impact on his ability to work. Furthermore, none of his findings support Hicks' claims of disabling pain. As the ALJ has pointed out, the record does not indicate that Hicks has had any diagnostic of specialized evaluations of his lumbar spine and has not participated in any physical or other rehabilitative therapies. Hicks treatment history also does not indicate disabling pain - he has not required emergency care or inpatient management for pain control and apparently deals with his symptoms through the use of oral analgesics only. Furthermore, while he was recommended to seek steroid injections of the shoulder, he has not followed these recommendations and has not referred for a pain management evaluations. For these reasons and others articulated in the ALJ's opinion, the Court finds that the ALJ properly rejected Hick's testimony regarding the effects of his pain. The Court also rejects Hicks arguments that the ALJ's explanation for rejecting portions of Hicks' testimony and finding him to not be credible failed to contain sufficient "specific reasons" in support of the credibility determination.[2] The ALJ has given more than adequate reasons justifying the credibility determination that he made with regard to Hicks' statements.

---

[1] There are indications in the record that this injury may be up to twenty years old and that Hicks continued to work for the better part of a decade while suffering from it.

[2] Hicks correctly notes that a solid work history may bolster a claimant's credibility. *See, e.g.*, *Allen v. Califano*, 613 F.2d 139, 147 (6th Cir. 1980). However, Hicks provides no indication that this factor should be dispositive. Given the other evidence that counsels against finding Hicks credible, the fact that he has a solid work history does not mandate a finding by this Court that the ALJ's credibility determination was erroneous.

**3. The ALJ's hypothetical questions to the VE.**

Hicks final argument is that the VE's testimony proves that Hicks is totally disabled. A VE's testimony provides substantial evidence in support of a finding that a claimant can perform certain jobs when the question accurately portrays the claimant's physical and mental impairments. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). In this case, the ALJ elicited testimony from the VE that given Hicks' age, education, work experience and RFC, there are a significant number of jobs available to him in the region in such representative occupations as product packager, grader/sorter and assembler. AR 17, 45-46. Based on this testimony, the ALJ properly concluded that there was substantial evidence that Hicks can perform other work that exists in significant numbers in the national economy. As a result, the decision below is supported by substantial evidence and must be affirmed.

**III.    CONCLUSION**

For the reasons set forth above, the Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, the Court HEREBY ORDERS that:

(1)     Plaintiff's Motion for Summary Judgment (Rec. No. 12) is **DENIED;** and

(2)     Defendant's Motion for Summary Judgment (Rec. No. 13) is **GRANTED.**

Dated this 26th day of January, 2010.



Signed By:
*Karen K. Caldwell*
United States District Judge